**Vernon F. HEPKE, Plaintiff-Appellant,**

v.

**Patricia Roberts HARRIS, Secretary of Health, Education and Welfare, Defendant-Appellee.**

No. 80–3226.

United States Court of Appeals, Sixth Circuit.

Argued June 15, 1981.

Decided Aug. 19, 1981.

Kenneth S. Handmaker, Handmaker, Weber & Meyer, Louisville, Ky., for plaintiff-appellant.

Timothy J. Gillenwater, Asst. U. S. Atty., Louisville, Ky., Stanley Ericsson, Dept. of Health and Human Services, Baltimore, Md., for defendant-appellee.

Before EDWARDS, Chief Judge, and LIVELY and JONES, Circuit Judges.

PER CURIAM.

The wage earner in this case, Dorothy Hepke, died October 22, 1967, survived by her husband Vernon and four minor children. At the time of her death, although she was fully entitled to social security benefits as a result of her own employment, her children were not eligible for child insurance benefits under the Social Security Act as it was then written. At the time in question, however, if it had been Vernon Hepke who died, they would have been entitled to such insurance. *See* Social Security Act Amendments of 1950, ch. 809, § 101, 64 Stat. 484. The obvious sex discrimination involved in this situation was dealt with by Congress two months after Dorothy Hepke's death by the enactment of an amendment to the Social Security Act. *See* Social Security Amendments of 1967, Pub.L.No.90–248, § 151, 81 Stat. 860 (codified at 42 U.S.C. § 402(d) (1976)). This amendment took effect at a time when all four of Dorothy Hepke's daughters were still of an age when they were eligible for benefits.

As obvious as it appears from the above recital of fact that an unconstitutional deprivation of social security rights has occurred, the difficulties of providing any remedy at this point are many. The first and perhaps the dispositive one is that the application which we deal with here was filed January 24, 1977, over nine years after Dorothy Hepke's death, and on that application, Vernon Hepke responded "no" to the question, "Has anyone ever before filed an application with the Social Security Administration for monthly benefits on behalf of any child in item 13?"

Hepke did append a statement saying that in October 1967, he had gone to the Social Security Administration office to file an application, and had spoken with a representative who, according to Hepke, "left for a few minutes, and when he came back he told me my wife had not paid in enough quarters for any payment to be made. He did not take a claim." Hepke filed the instant application seeking lump sum death benefits for himself and child insurance benefits for his youngest daughter.

The concern of the Administrative Law Judge who heard this case is obvious in the following paragraph from his decision rendered October 31, 1978, which became the final decision of the Secretary and parallels that of the District Court.

The claimant's lack of knowledge of the change in the law pertaining to the child's insurance benefits, in January 1968, resulted in a great loss of benefits to his four minor children. For this reason, the undersigned has agonized over the conflict between the claimant's statements of what transpired on October 30, 1967 and the written evidence and procedures of the ... Administration in handling such claims. Although the claimant states that he did not file any application or sign anything when he talked to the social security representative in October 1967, the evidence shows that an application was filed on October 30, 1967, was sent to the Federal Records Center in February 1969, and was destroyed in May 1974.

The only pertinent findings of fact before us hold in effect that no application for child insurance benefits was filed until nine years after the date of death. We recognize that appellant's counsel argues vigorously that we should deduce entitlement from the fact that social security records show that some sort of application pertaining to Mrs. Hepke's work record was filed in October of 1967 and was routinely destroyed four years after the 1967 visit of Hepke to the Social Security office. We can, however, find no factual or legal basis for our judicial reconstruction of such record in view of Hepke's own statement that he never filed an application in 1967. It is impossible to say that this statement does not constitute substantial evidence to support the findings of the Secretary.

Under these circumstances, the reasoning of the District Judge which follows appears to us to be dispositive:

On January 22, 1977, plaintiff filed an application for CIB....

To Question 20, "Has anyone ever before filed an application with the Social Security Administration for monthly benefits on behalf of any child in Item 13?", plaintiff responded, "No." (T.R. 62.) Plaintiff mentioned only one child in the CIB application. Under the provisions of Section 202(j), *supra*, the Secretary

awarded 12 months retroactive benefits to the child. We again face the inconsistency between plaintiff's unambiguous testimony that he did not file a claim in 1967 and his counsel's assertion that he must have else there would have been no records to be destroyed. The inescapable conclusion which the Court reaches is that no matter what version is correct, plaintiff's infant child has received all the benefits to which she could conceivably be entitled.

Any claim by the other children for CIB would be barred at this time. From the record it appears that none of them has filed an application even as of this date.

The judgment of the District Court is affirmed.