Marianne COLE, Appellant,

v.

Edward J. DERWINSKI, Secretary
of Veterans Affairs, Appellee.

No. 89–30.

United States Court of Veterans Appeals.

Submitted Sept. 23, 1991.

Decided May 11, 1992.

As Amended Aug. 5, 1992.

Marianne Cole, pro se.

Raoul L. Carroll, Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and David W. Engel, Washington, D.C., were on the brief for the appellee.

Before KRAMER, HOLDAWAY, and IVERS, Associate Judges.

KRAMER, Associate Judge:

The appellant, Marianne Cole, appeals from a July 24, 1989, Board of Veterans' Appeals (BVA) decision which denied her Restored Entitlement Program for Survivors (REPS) benefits for the period of July 1987 through June 1988. After review of the record and briefs of the parties, the Court holds that the regulations upon which the BVA relied in its decision are in conflict with the statutory authority for the REPS program, and that therefore both the regulations and the BVA decision must be set aside pursuant to 38 U.S.C. § 7261(a)(3)(C) (formerly § 4061(a)(3)(C)) for being in excess of statutory authority.

## I.

### A.

Since January 1, 1957, United States military personnel have participated in, and thus been eligible for benefits from, the Social Security system. Servicemen's and Veterans Survivor Benefits Act, Pub.L. No. 84–881, ch. 837, 70 Stat. 857 (1956). Among these benefits are the so called "mother's benefits," which provide monthly aid payments to a child's surviving parent in order to assist in the care for that child. 42 U.S.C. § 402(g) (1988). Although these benefits were originally available to the surviving parent until the child reached 18 years of age, Congress modified this program as part of the Omnibus Budget Reconciliation Act of 1981, by lowering the age at which the payments were discontinued from 18 to 16 years of age. Pub.L. No. 97–35, § 2205, 95 Stat. 837 (1981).

On December 21, 1982, Congress, concerned that by lowering the cutoff age for mother's benefits it had inadvertently "reneged" on a "commitment made to the men and woman who endured the unique hardships of military service," 128 Cong.Rec. S15122 (daily ed. Dec. 16, 1982) (statement of Sen. Quayle), enacted REPS, Pub.L. No. 97–377, § 156, 96 Stat. 1920 (1982). REPS provided, *inter alia,* for the payment to the surviving spouses of certain former members of the Armed Forces benefits comparable to the discontinued mother's benefits. These new REPS benefits were to "serve to replace the social security benefits terminated by ... the Omnibus Budget Recon-

ciliation Act of 1981, which had [previously] been widely used to recruit people and to induce them to remain in the military." 128 Cong.Rec. S15121 (daily ed. Dec. 16, 1982) (statement of Sen. Quayle) REPS was not, however, intended to grant any new benefits beyond that which had been taken away.

## B.

The appellant's husband, William A. Cole, retired from the United States Army in 1972, after more than 20 years of active duty service. During this time, he and the appellant had three sons, the last of which, Christopher Cole, was born July 18, 1971. On August 5, 1975, William Cole died as the result of a disability incurred in service.

On July 18, 1987, Christopher Cole reached 16 years of age, and, pursuant to 42 U.S.C. § 402(s)(1) (1988), the appellant's social security mother's benefits were terminated. Although she was now entitled to REPS benefits, the appellant did not apply for them until July 25, 1988, more than a year after her son's sixteenth birthday. The St. Louis, Missouri, Department of Veterans Affairs (VA) Regional Office (RO) subsequently granted the appellant REPS benefits, but effective only as of July 1988, the month of her original application.

On October 8, 1988, the appellant wrote a letter to then President Ronald Reagan stating that she believed her REPS benefits should have been made effective as of July 1987, the month in which her youngest son turned 16 years of age. This letter was eventually referred to the St. Louis RO, where it was received on January 3, 1989, and treated as a Notice of Disagreement (NOD). (This NOD is sufficient to establish this Court's jurisdiction over this appeal. *Magula v. Derwinski,* 1 Vet.App. 76, 78 (1990) (effective date of an NOD is the date of receipt by the RO).)

On July 24, 1989, the BVA rendered its decision denying the appellant's claim for a July 1987 effective date for her REPS benefits. In doing so, it relied solely upon 38 C.F.R. § 3.812(f)(2)–(3) (1991), which states:

(f) Retroactivity and effective dates [for REPS benefits].

\* \* \* \* \* \*

(2) With respect to any claim which is received more than one year after May 23, 1984, but within 11 months following the month in which the claimant first became eligible for [REPS benefits], benefits shall be payable for all periods beginning on or after the first day of the month that the claimant became eligible for this special allowance.

(3) With respect to any claim not filed within the time limits specified in paragraphs (f)(1) and (2) of this section, benefits shall be payable only for those periods of eligibility beginning on or after the first day of the month in which the claim is received.

Applying this regulation to the appellant's claim, the BVA then ruled that since the appellant's application was received more than 11 months following her youngest son's sixteenth birthday, the effective date for her REPS benefits was the month in which she filed her application. An appeal to this Court followed.

## II.

The relevant statutory directive to pay benefits under the REPS program, as applied to this case, contains no provision limiting the amount of benefits that can be paid if a claimant fails to file a request for REPS benefits within 11 months of the child's sixteenth birthday. Instead, it simply provides:

(a)(1) The head of the [VA] shall pay each month [REPS benefits] to a person—

(A) who is the surviving spouse of a member or former member of the Armed Forces [who died on active duty before August 13, 1981, or who died from a service connected disability incurred or aggravated before August 13, 1981];

(B) who has in such person's care a child of such member who has attained sixteen years of age but not eighteen years of age....

Pub.L. No. 97–377, § 156, 96 Stat. 1920.

The Court holds that the terms of this statute are clear and unambiguous. The

directory nature of the statute ("the head of the [VA] *shall pay*" (emphasis added)), combined with the total absence of any time-specific filing requirements, clearly indicates that Congress neither directed, nor intended to allow the VA to promulgate, the requirement contained in 38 C.F.R. § 3.812(f)(2)–(3) that a claimant file within 11 months of his or her child's sixteenth birthday in order to be eligible for REPS benefits as of that date. Therefore, since this case does not present the "rare and exceptional circumstances" necessary to override the clear language of the statute, *see Demarest v. Manspeaker*, 498 U.S. 184, 111 S.Ct. 599, 604, 112 L.Ed.2d 608 (1991); *Ardestani v. I.N.S.*, — U.S. —, 112 S.Ct. 515, 520, 116 L.Ed.2d 496 (1991) (strong presumption that plain language of a statute expresses congressional intent is rebutted only in rare and exceptional circumstances), the Court holds that subparagraphs (2) and (3) of 38 C.F.R. § 3.812(f) are void for being in excess of statutory authority. *See Gardner v. Derwinski*, 1 Vet.App. 584, 586 (1991) (38 U.S.C. § 7261(a)(3)(C) requires the Court to hold unlawful and set aside those regulations which are in excess of statutory authority).

### III.

Since the Court holds that subparagraphs (2) and (3) of 38 C.F.R. § 3.812(f) are invalid for being in excess of statutory authority, the Court also holds that the BVA decision, which rests solely upon these regulations, must be set aside as unlawful as well. 38 U.S.C. § 7261(a)(3)(C). Therefore, because it is not disputed that the appellant was otherwise entitled to REPS benefits as of the month of her youngest son's sixteenth birthday, the BVA decision is REVERSED and REMANDED with instructions that the BVA grant the appellant a July 1987 effective date for her REPS benefits.