Suzanne V. SKINNER, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 90–337.

United States Court of Veterans Appeals.

Jan. 29, 1993.

Before STEINBERG, Associate Judge.*

## MEMORANDUM DECISION

STEINBERG, Associate Judge:

The appellant, daughter of Vietnam veteran James M. Skinner, Jr., appeals from the March 14, 1990, decision of the Board of Veterans' Appeals (BVA or Board) denying her claim for entitlement to an effective date earlier than February 1989 for award of Restored Entitlement Program for Survivors (REPS) benefits. R. at 1–4. On April 22, 1992, the Secretary of Veterans Affairs (Secretary) moved for summary affirmance. On June 5, 1992, the Secretary moved for a stay of proceedings pending a decision in *Cole v. Derwinski*, 2 Vet.App. 400 (1992). On September 18, 1992, following the Court's decision in *Cole*, the Secretary filed a motion for remand. On October 2, 1992, the appellant filed a motion for summary reversal. Also pending before the Court is appellant's motion for oral argument. Summary disposition is appropriate because the case is one "of relative simplicity" and the outcome is

controlled by the Court's precedents and is "not reasonably debatable". *Frankel v. Derwinski*, 1 Vet.App. 23, 25–26 (1990). For the reasons set forth below, the appellant's motion for summary reversal will be granted, her motion for oral argument will be denied, and the Board's decision will be reversed and the matter remanded for award of a December 1987 effective date for REPS benefits.

## I.  BACKGROUND

### A.

The REPS, enacted by Congress in 1982 in section 156 of Public Law No. 97–377, 96 Stat. 1920 (1982) (hereinafter "section 156"), provides for the payment of benefits to certain surviving children and spouses of former members of the Armed Forces. The relevant portion of the statute contains the following directive:

(b)(1) The head of the [Veteran's Administration] shall pay [REPS benefits] each month ... to a person—

(A) who is the child of a member or former member of the Armed Forces [who died on active duty before August 13, 1981, or who died from a service[-]connected disability incurred or aggravated before August 13, 1981];

(B) who has attained eighteen years of age but not twenty-two years of age and is not under a disability as defined in section 223(d) of the Social Security Act (42 U.S.C. [§] 423(d));

(C) who is a full-time student at a postsecondary school, college, or university that is an educational institution (as such terms were defined in section 202(d)(7)(A) and (C) of the Social Security Act as in effect before the amendments made by section 2210(a) of the Omnibus Budget Reconciliation Act of 1981 (Public Law 97–35; 95 Stat. 841)); and

(D) who is not entitled for such month to a child's insurance benefit

* Editor's Note: This single-judge summary disposition is of no precedential value. *See Bethea v.*

*Derwinski,* 2 Vet.App. 252, 254 (1992).

under section 202(d) of the Social Security Act (42 U.S.C. [§] 402(d)) or is entitled for such month to such benefit only by reason of section 2210(c) of the Omnibus Budget Reconciliation Act of 1981 (95 Stat. 842).

The reasons for the enactment of REPS were set forth in *Cole*, 2 Vet.App. at 400–01.

## B.

The veteran served on active duty in the United States Army from January to December 1958 and from September 1961 to March 1974, with at least one tour of duty in Vietnam. R. at 6; Supp.R. at 1. In December 1987, the veteran died as a result of a service-connected heart disability. R. at 12. Ten days thereafter, his widow (the appellant's mother) filed an application for dependency and indemnity compensation (DIC) on behalf of herself, the appellant, and appellant's brother. R. at 8. In February 1988, a Veterans' Administration (now Department of Veterans Affairs) (VA) regional office (RO) awarded DIC benefits to the appellant, her mother, and her brother. R. at 12. In February 1989, the appellant filed an application for REPS benefits. R. at 13. In March 1989, the VARO awarded the appellant REPS benefits effective in February 1989. R. at 15. In June 1989, the appellant filed a Notice of Disagreement with the RO decision, requesting that the effective date of the REPS benefits awarded to her be made the same date as the effective date of her award of DIC—December 1987. R. at 26.

In its decision denying that claim, the Board relied upon the following provisions of 38 C.F.R. § 3.812(f)(2) (1990):

*(f) Retroactivity and effective dates [for REPS benefits].*

\* \* \* \* \* \*

(2) With respect to any claim which is received more than one year after May 23, 1984, but within 11 months following the month in which the claimant first became eligible for [REPS benefits], benefits shall be payable for all periods beginning on or after the first day of the month that the claimant became eligible for this special allowance.

Subparagraph (3) of the regulation provided that, for REPS claims not filed within the time limits specified in subparagraph (2), benefits would be payable to eligible claimants beginning on or after the first day of the month in which the claim was received. Because the appellant's REPS claim was received more than 11 months after the month in which she first became eligible, the Board denied the appellant's claim for an earlier effective date of award. R. at 3.

## II. ANALYSIS

While this case was pending, the Court, pursuant to 38 U.S.C. § 7261(a)(3)(C) (formerly § 4061), set aside subparagraphs (2) and (3) of 38 C.F.R. § 3.812(f) as an invalid regulation in excess of the Secretary's statutory authority to prescribe regulations to implement the REPS law. *Cole*, 2 Vet. App. at 400. In *Cole*, the Court determined that section 156, the statutory authority for payment of REPS benefits, contained no provision limiting the amount of benefits that can be paid if a claimant fails to file a request for REPS benefits within 11 months after the onset of eligibility. *Cole*, 2 Vet.App. at 401.

In his motion for remand, the Secretary argues that the invalidation of 38 C.F.R. § 3.812(f)(2), (3) requires remand of this case "for determination on the merits". Mot. at 2. In her motion for summary reversal, the appellant argues that reversal, not remand, is the appropriate remedy because the record demonstrates that she had met the statutory eligibility requirements of section 156(a).

The VA's award of REPS benefits effective February 1989 conclusively established the following facts: The appellant's father was a former member of the Armed Forces who died of a service-connected disability (§ 156(b)(1)(A) of Pub.L. No. 97–377); the University of Alabama is a qualifying educational institution (§ 156(b)(1)(C)); and the appellant is not under a disability as defined in 42 U.S.C. § 423(d) (§ 156(b)(1)(B)). Review of the record reveals that, in De-

cember 1987, the appellant was 18 years of age, R. at 9 (§ 156(b)(1)(B)), and was enrolled as a full-time student at the University of Alabama, R. at 21 (§ 156(b)(1)(C)). As a consequence of her enrollment in a post-secondary school, the appellant was ineligible for a child's insurance benefit under 42 U.S.C. § 402(d) (§ 156(b)(1)(D)). Thus, the record demonstrates that in December 1987 the appellant satisfied all statutory eligibility criteria for award of REPS benefits under section 156; indeed, the Secretary's motion for summary affirmance did not dispute that she was otherwise entitled to REPS benefits as of December 1987 but for lack of an application filed under the now invalidated VA regulation, *see* *Cole*, 2 Vet.App. at 402. Mot. at 4.

Consequently, because the BVA's conclusion of law rested solely upon 38 C.F.R. § 3.812(f)(2), (3), which the Court invalidated in *Cole, supra,* the Court will set aside the Board's March 14, 1990, decision as unlawful under 38 U.S.C. § 7261(a)(3)(C). Because the appellant was entitled to REPS benefits as of December 1987, reversal is the appropriate remedy.

## III. CONCLUSION

Upon consideration of the record and the pleadings of the parties, the Court sets aside as unlawful the Board's March 14, 1990, decision denying an earlier effective date for REPS benefits. The Court reverses that decision and remands the matter to the Board with instructions that it promptly assign a December 1987 award effective date.

The Court denies the appellant's motion for oral argument because the matter is not reasonably debatable and the Court does not consider that oral argument is necessary to the disposition of this appeal.

REVERSED AND REMANDED.