Marianne **COLE,** Claimant–Appellee,

v.

Jesse **BROWN,** Secretary of Veterans Affairs, Respondent–Appellant.

No. 93–7003.

United States Court of Appeals, Federal Circuit.

Sept. 14, 1994.

Marianne Cole, submitted pro se.

Elizabeth A. Rinalds, Atty., Commercial Litigation Branch, Dept. of Justice, Washington, DC, submitted for respondent-appellant. With him on the brief were Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director and Thomas W. Petersen, Asst. Director. Also on the brief were Richard J. Hipolit, Deputy Asst. Gen. Counsel and Harriett T. Heywood, Atty., Dept. of Veterans Affairs, of counsel.

Before ARCHER, Chief Judge,* MAYER, and PLAGER, Circuit Judges.

PER CURIAM.

The Secretary of Veterans Affairs appeals the judgment of the United States Court of Veterans Appeals reversing the denial by the Board of Veterans Appeals of Marianne Cole's claim for benefits under the Restored Entitlement Program for Survivors. *Cole v.*

---

* Circuit Judge Glenn L. Archer, Jr. assumed the position of Chief Judge on March 18, 1994.

*Derwinski,* 2 Vet.App. 400 (1992). We affirm on the basis of *Skinner v. Brown,* 27 F.3d 1571 (Fed.Cir.1994).

Cole, the widow of William A. Cole and mother of his three surviving children, applied for benefits under the Restored Entitlement Program for Survivors, Pub.L. No. 97–377, § 156(a), 96 Stat. 1920 (1982) (set out as amended at 42 U.S.C. § 402 note (1988)) (REPS). The Department of Veterans Affairs awarded her benefits effective July 1988, the month in which she filed her application. She filed a Notice of Disagreement requesting benefits retroactive to July 1987, the date she became eligible for benefits by virtue of her son's sixteenth birthday.**

The Board of Veterans Appeals denied her request because she had filed her application more than one year after her son's sixteenth birthday, outside the eleven month period required by the department's regulation, 38 C.F.R. § 3.812(f)(2)–(3) (1992). Cole appealed to the Court of Veterans Appeals, which reversed and struck down the regulation as contrary to the plain meaning of the REPS law. 2 Vet.App. at 402.

** The REPS "mother's benefit" provides for payments to a veteran's surviving spouse who has in his or her care a child of the veteran between the ages of sixteen and eighteen. Pub.L. No. 97–377, § 156(a)(1), 96 Stat. 1920 (1982). The amount of the benefit is determined according to the

We recently considered an analogous provision of the REPS law, the child's benefit, Pub.L. No. 97–377, § 156(b), 96 Stat. 1920 (1982), and agreed with the Court of Veterans Appeals that the regulation at issue here exceeds the department's authority under REPS. *Skinner,* 27 F.3d at 1574. The language before us, section 156(a), closely parallels that of the child's benefit. Therefore, for the reasons set out in *Skinner,* we conclude that the regulation is no more permissible here than it was there.

*AFFIRMED.*

PLAGER, Circuit Judge, dissenting.

I respectfully dissent. See my dissent on the same issue in *Skinner v. Brown,* 27 F.3d 1571, 1576 (Fed.Cir.1994).

provisions of section 202(g) of the Social Security Act, 42 U.S.C. § 402(g) (1988). Pub.L. No. 97–377, § 156(a)(2).