Suzanne V. SKINNER,
Claimant–Appellee,

v.

Jesse BROWN, Secretary of Veterans Affairs, Respondent–Appellant.

No. 93–7071.

United States Court of Appeals,
Federal Circuit.

June 22, 1994.

Stephanie Forester, Nat. Veterans Legal Services Project, of Washington, DC, argued for claimant-appellee. With her on the brief were Gershon M. Ratner, Barton F. Stichman and Ruth E. Eisenberg.

Elizabeth A. Rinaldo, Atty., Commercial Litigation Branch, Dept. of Justice, of Washington, DC, argued for respondent-appellant. With her on the brief were Frank W. Hun-

ger, Asst. Atty. Gen., David M. Cohen, Director and Thomas W. Petersen, Asst. Director. Also on the brief were Richard J. Hipolit, Deputy Asst. Gen. Counsel and Harriett T. Heywood, Atty., Dept. of Veterans Affairs, Washington, DC, of counsel.

Before ARCHER, Chief Judge,* MAYER, and PLAGER, Circuit Judges.

MAYER, Circuit Judge.

The Secretary of Veterans Affairs appeals the judgment of the United States Court of Veterans Appeals, *Skinner v. Brown*, 4 Vet. App. 141 (1993), reversing the denial by the Board of Veterans Appeals of Suzanne V. Skinner's claim for benefits under the Restored Entitlement Program for Survivors. We affirm.

## Background

Skinner is the daughter of James Skinner, Jr., a Vietnam veteran who died in December 1987 as a result of a service-connected heart condition. At the time of her father's death, Skinner was eighteen years old and a full time student at the University of Alabama. More than one year later, she filed an application for benefits under the Restored Entitlement Program for Survivors, Pub.L. No. 97–377, § 156, 96 Stat. 1920 (1982) (set out as amended at 42 U.S.C. § 402 note (1988)) (REPS); the Department of Veterans Affairs awarded REPS benefits effective February 1989, the date of her application. Skinner filed a Notice of Disagreement, requesting that she receive benefits effective December 1987.

* Circuit Judge Archer assumed the position of Chief Judge on March 18, 1994.

1. The VA amended 38 C.F.R. § 3.812(f)(2) on June 28, 1993, to provide a six month filing period rather than the eleven month period in force when this case began. 58 Fed.Reg. 34524–25 (1993) (codified at 38 C.F.R. § 3.812(f) (1993)).

2. The relevant portions of section 3.812(f) provide for retroactivity of entitlement to the date of eligibility for any claim received "within 11 months following the month in which the claimant first became eligible for this special allowance...." 38 C.F.R. § 3.812(f)(2). On the other hand, for claimants whose applications are filed

The Board of Veterans Appeals denied her claim, citing a VA regulation limiting retroactivity of REPS benefits to claims filed within eleven months of the date of the claimant's first eligibility. 38 C.F.R. § 3.812(f)(2)–(3) (1992).[1] The Court of Veterans Appeals reversed, relying on *Cole v. Derwinski*, 2 Vet. App. 400 (1992), *on appeal sub nom. Cole v. Brown*, No. 93–7003 (Fed.Cir. Feb. 7, 1994), in which it struck down subparagraphs (2) and (3) of 38 C.F.R. § 3.812(f) as contrary to the plain meaning of the REPS law. The court determined that since Skinner met all of the statutory requirements for REPS entitlement, she deserved benefits retroactive to December 1987, the month in which she first became eligible. The Secretary now appeals.

## Discussion

The sole question is whether those portions of 38 C.F.R. § 3.812(f) that establish a time-specific filing requirement for entitlement to REPS benefits[2] overstep VA authority under the relevant statute, Pub.L. No. 97–377, § 156, 96 Stat.1920.[3] The answer depends on our construction of the statute, a task we perform *de novo*. 38 U.S.C. § 7292(d)(1) (Supp. IV 1992); *Prenzler v. Derwinski*, 928 F.2d 392, 393 (Fed.Cir.1991).

## I.

We start with the language of the REPS statute, for "[i]f the intent of Congress is clear, that is the end of the matter...." *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842, 104 S.Ct. 2778, 2781, 81 L.Ed.2d 694 (1984). The statute provides for monthly payments to certain survivors of military personnel who

more than eleven months after they first became eligible, "benefits shall be payable only for those periods of eligibility beginning on or after the first day of the month in which the claim is received." *Id.* at § 3.812(f)(3).

3. Skinner suggests that we may affirm the ruling of the Court of Veterans Appeals on other grounds: that the VA breached both its statutory duty and its own procedures by failing to notify her of her eligibility for REPS and the associated filing limitations when she first became eligible for benefits. Because we agree with the Court of Veterans Appeals, we do not reach these arguments.

die during service or as a result of service connected injury or disease. Under REPS, the VA "shall pay each month" benefits to each person

(A) who is the child of a member or former member of the Armed Forces described in subsection (c);[4]

(B) who has attained eighteen years of age but not twenty-two years of age and is not under a disability as defined in section 223(d) of the Social Security Act (42 U.S.C. 423(d));

(C) who is a full-time student at a post-secondary school, college, or university that is an educational institution (as such terms were defined in section 202(d)(7)(A) and (C) of the Social Security Act as in effect before the Omnibus Budget Reconciliation Act of 1981 (Public Law 97–35; 95 Stat. 841)); and

(D) who is not entitled for such month to a child's insurance benefit under section 202(d) of the Social Security Act (42 U.S.C. 402(d)) or is entitled for such month to such benefit only by reason of section 2210(c) of the Omnibus Budget Reconciliation Act of 1981 (95 Stat. 842).

Pub.L. No. 97–377, § 156(b)(1), 96 Stat. 1920. The amount of benefits payable each month under REPS is determined by subsection (2): the child is to receive

the amount that the person concerned would have been entitled to receive for such month as a child's insurance benefit under section 202(d) of the Social Security Act (as in effect before the amendments made by section 2210(a) of the Omnibus Budget Reconciliation Act of 1981 (95 Stat. 841)), disregarding any adjustments made under section 215(i) of the Social Security Act after August 1981, but reduced for any month by any amount payable to such person for such month under section 2210(c) of the Omnibus Budget Reconciliation Act of 1981 (95 Stat. 842).

Pub.L. No. 97–377, § 156(b)(2), 96 Stat. 1921. Section 202(d) of the Social Security Act thus furnishes the method for calculating REPS benefits: the amount of the "child's insurance benefit for each month shall, if [the parent] has died in or prior to such month, be equal to three-fourths of the [parent's] primary insurance amount...." 42 U.S.C. § 402(d)(2) (1988).[5]

Nowhere does the REPS statute limit the amount of benefits an applicant may receive because of a delay in filing. Instead, it directs that the Secretary "shall pay each month" REPS benefits to any person who meets the requirements set out in section 156(b)(1). The language is mandatory, leaving no room for the VA to impose additional restrictions on entitlement. Under REPS, the agency *must* pay benefits for *each month* that the recipient meets the statutory requirements expressly set out.

The Secretary argues that the statutory delegation of power to implement REPS through necessary regulations includes the authority to impose time limits on filing applications for REPS benefits. He finds support for the VA regulation to this effect in the statute's provision that a child is to receive only those benefits that she would be entitled to receive under the Social Security Act, reasoning that Congress thus intended to incorporate the limitations of that act into REPS. The Secretary points specifically to section 202(j) of the Social Security Act, which provides for child's insurance benefits retroactive to six months prior to the application's filing date. 42 U.S.C. § 402(j)(1)(B). He maintains that incorporation of section 202(j) justifies the VA's eleven month rule as a valid implementation of the REPS statute.

This position disregards the full import of the language in REPS section 156(b)(2) that benefits are payable each month "in the amount that the person concerned would have been entitled to receive for such month as a child's insurance benefit under section 202(d) of the Social Security Act." The stat-

---

4. Under subsection (c), the member or former member of the Armed Forces must have "died on active duty before August 13, 1981, or died from a service-connected disability incurred or aggravated before such date." Pub.L. No. 97–377, § 156(c), 96 Stat. 1921.

5. Section 202(d) also imposes a requirement that the child file an application for benefits. 42 U.S.C. § 402(d)(1)(A). The parties agree that this filing requirement applies to REPS as well.

ute does not mention section 202(j) of the Social Security Act; nor does section 202(d), which it expressly incorporates. Far from suggesting the broad incorporation of the terms and limitations of the Social Security Act, the REPS language clearly contemplates reference to a particular section of the Social Security Act for the limited purpose of calculating the amount of REPS payments.

The express reference to 42 U.S.C. § 402(d) shows that Congress well knew how to incorporate the provisions of the Social Security Act into REPS. Indeed, Congress specifically referred to three different sections of the Social Security Act in section 156(b). If it had similarly intended to incorporate section 202(j), we presume it would have done so expressly. *Cf. Ad Hoc Committee of AZ–NM–TX–FL Producers of Gray Portland Cement v. United States,* 13 F.3d 398, 401 (Fed.Cir.1994) ("It is well established that where Congress has included specific language in one section of a statute but has omitted it from another, related section of the same Act, it is generally presumed that Congress intended the omission.").

The Secretary maintains that since REPS benefits are paid in accordance with section 202(d) of the Social Security Act, the time specific filing limitation on claims filed under that act should apply to REPS as well. But Skinner applied for benefits under REPS, not under the Social Security Act. While the amount of benefits to which she is entitled is determined by reference to 42 U.S.C. § 402(d), her entitlement is governed by REPS—she must be (1) the child of a deceased member or former member of the Armed Forces; (2) between eighteen and twenty-one years old; (3) a full time postsecondary school student; and (4) not independently entitled to benefits under 42 U.S.C. § 402(d). That is all that REPS requires.

The statute imposes no time restrictions on entitlement; it mandates payment of benefits for each month a covered survivor meets the statutory requirements. The VA's regulations to the contrary conflict with the statute's plain meaning.

## II.

Because the plain meaning of the REPS statute shows that Congress did not intend to condition REPS benefits on time specific filing requirements, we need not consider the statute's legislative history. *Darby v. Cisneros,* 509 U.S. ——, ——, 113 S.Ct. 2539, 2545, 125 L.Ed.2d 113 (1993). Even if we choose to look to that history, however, "only the most extraordinary showing of contrary intentions" would lead us to disregard the plain meaning of the statute. *Garcia v. United States,* 469 U.S. 70, 75, 105 S.Ct. 479, 482, 83 L.Ed.2d 472 (1984). The Secretary has made no such showing here.

REPS was designed to restore to military families benefits that Congress inadvertently eliminated as a part of the broad Social Security reform embodied in the Omnibus Budget Reconciliation Act of 1981, Pub.L. No. 97–35, § 2210, 95 Stat. 841 (1981). Until that time, United States military personnel had long participated in the Social Security system. *See* Servicemen's and Veterans' Survivor Benefits Act, Pub.L. No. 84–881, 70 Stat. 857 (1956). Social Security benefits supplemented military retirement and survivor's benefits, serving as an incentive to those considering a military career. S.Rep. No. 2380, 84th Cong., 2d Sess. (1956), *reprinted in* 1956 U.S.C.C.A.N. 3976, 3977. The "child's insurance benefit" was part of the coverage thus extended to military personnel. 42 U.S.C. § 402(d).

In the 1981 Omnibus Act, Congress modified Social Security, eliminating child's benefits for all new claimants, and continuing the program at a reduced level for those claimants already entitled to receive payments. Pub.L. No. 97–35, § 2210, 95 Stat. 841. Soon though, Congress had second thoughts, realizing that this measure wiped out benefits on which military families had come to rely. 128 Cong.Rec. S15,122 (daily ed. Dec. 16, 1982) (statement of Sen. Quayle). They responded with REPS, a program intended to restore to survivors of military personnel benefits comparable to the Social Security benefits eliminated by the 1981 Act. *Id.* at S15,121 (REPS intended "to keep commitments that were made"); *id.* at S15,123 (statement of Sen. Cranston) (REPS would

"restore ... most of the benefits that would, but for the enactment of last year's reconciliation measure, have been under the Social Security Act paid to these survivor[s]").[6]

The Secretary now argues that because Congress meant REPS to restore the Social Security benefits taken away from military families, we should presume that REPS is subject to the same limitations as Social Security. But REPS benefits were to be comparable, not identical, to the Social Security benefits they were designed to replace.[7] Congress intended that REPS correct its mistaken cancellation of a commitment to military families; that the benefits thus provided are not subject to the same strict limitations as those that Congress cancelled does not offend this purpose.

As we said above, the statute itself spells out the requirements for entitlement, but nowhere conditions retroactivity on filing at or near the time of first eligibility. Likewise, the legislative history is devoid of any express statement of intent to restrict retroactivity based on timely filing, while it does contain discussion of other time limitations, such as the effective date and prospective nature of the statute. 128 Cong.Rec. S15,121 (daily ed. Dec. 16, 1982) (statement of Sen. Quayle). This history lacks the clear evidence of contrary intent necessary to justify disregarding the plain meaning of the statute.

### III.

Finally, the Secretary asserts that we should give effect to the regulation as the agency's reasonable interpretation of a statute it is charged with administering. But an agency's interpretation of a statute deserves deference only "if the statute is silent or ambiguous with respect to the specific issue...." *Chevron,* 467 U.S. at 843, 104 S.Ct. at 2782. As we have observed, the statute mandates that a REPS applicant receive benefits for each month that she is eligible, regardless of when she applied. We need not defer to the VA's regulation because it is contrary to the plain meaning of the statute. *Id.; Ethicon, Inc. v. Quigg,* 849 F.2d 1422, 1425 (Fed.Cir.1988).

Indeed, we suspect that even the Secretary has not always believed that the regulation was compelled by an incorporation of the limitations of the Social Security Act. The regulation establishes an eleven month filing period for retroactive benefits, but the statute on which the Secretary relies for support provides for Social Security benefits retroactive to six months prior to the filing of an application. Now the Secretary argues that the regulation should have said six months all along. *See* 58 Fed.Reg. 34524 (1993). We recognize that an agency may sometimes change its interpretation of a statute and still deserve deference from the courts, *Chevron,* 467 U.S. at 863, 104 S.Ct. at 2791, but the VA's shift in interpretation appears simply to reflect its litigating position. The VA undertook a review of its eleven month rule after the veterans court's *Cole* decision, 2 Vet.App. 400 (1992), *on appeal sub nom. Cole v. Brown,* No. 93–7003 (Fed.Cir. Feb. 7, 1994), and only then decided that it should adopt a six month filing period. While this shift alone might not justify our disregard for the VA's interpretation, it tends to show that the agency did not itself believe that the regulation's time specific limitation was mandated by statute. *Parker v. Office of Personnel Management,* 974 F.2d 164, 166 (Fed.Cir. 1992) ("post hoc rationalizations will not create a statutory interpretation deserving of deference").

---

6. In a parallel provision, REPS also restored to the surviving mothers of the children of deceased military personnel the "mother's insurance benefits", previously available until the child reached the age of eighteen, which the 1981 Omnibus Act made available only until the child's sixteenth birthday. Pub.L. No. 97–377, § 156(a), 96 Stat. 1920 (1982) (set out at 42 U.S.C. § 402 note (1988)).

7. For example, periodic adjustments to the REPS student's benefit are determined according to increases in educational assistance allowance rates enacted by Congress pursuant to 38 U.S.C. § 1731(b). Pub.L. No. 97–377, § 156(e)(1)(B), 96 Stat. 1921. Congress preferred this means of determining increases, since it gave Congress greater control than did the student's benefits provision of the Social Security Act, in which increases were tied to automatic indices. 128 Cong.Rec. S15,122 (daily ed. Dec. 16, 1982) (statement of Sen. Quayle).

Nor do we agree that the terms of the Social Security Act provision on which the Secretary relies would support the VA's time limit even if Congress had incorporated it into REPS. Section 202(j) of the Social Security Act dictates that an applicant can receive child's insurance benefits for any month in which she is eligible so long as she files an application some time in the subsequent six months. 42 U.S.C. § 402(j)(1). Under that section, every eligible applicant is entitled to benefits for the six months prior to the month she filed her application. *See Hepke v. Harris,* 657 F.2d 100, 102 (6th Cir.1981) (twelve months retroactive benefits awarded under related program where child applied nine years after becoming eligible). But according to the VA's interpretation, a REPS applicant is entitled to retroactive benefits only if she files within eleven months of the month she first became eligible; if she files later, she gets benefits only for the months after she filed.

Whereas a Social Security applicant always gets at least some retroactivity, a REPS beneficiary, according to the VA, is entitled to none if she misses that first deadline. Far from getting benefits comparable to Social Security, the applicant gets less beneficial treatment under the VA's REPS than she would have received under Social Security. This is not what Congress contemplated.

Congress enacted REPS as a remedial measure to aid the survivors of military personnel who had come to rely on the government's promise of benefits. It chose to benefit only a small fraction of those from whom aid was taken in the 1981 reforms. Indeed, these benefits apply only to a limited number of military families, and payments last only a few years for each beneficiary. It may be unusual that Congress chose not to tie REPS payments to the same time restrictions that applied under the Social Security Act, but it is hardly absurd to conclude, as the government suggests, that it meant to do so under these circumstances given the plain statutory language.

### Conclusion

Accordingly, the judgment of the United States Court of Veterans Appeals is affirmed.

*AFFIRMED.*

PLAGER, Circuit Judge, dissenting.

I dissent. The majority finds in *Chevron* the rule that "an agency's interpretation of a statute deserves deference only 'if the statute is silent or ambiguous with respect to the specific issue....'" *Op.* at 1575, quoting *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 843, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 (1984). But the full statement of the Supreme Court in *Chevron* is: "Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissable construction of the statute." *Chevron,* 467 U.S. at 843, 104 S.Ct. at 2782. In this case, the statute says nothing specific about retroactivity of payments, or time limits applicable to retroactive benefits. The Secretary, reasonably, wrote regulations, which he is empowered by Congress to do, that set time limits for retroactive payments. This is a straightforward example of a case in which the federal judiciary is not in charge of the making of rules for administering federal programs—the executive is. "When a challenge to an agency construction of a statutory provision, fairly conceptualized, really centers on the wisdom of the agency's policy, rather than whether it is a reasonable choice within a gap left open by Congress, the challenge must fail. In such a case, federal judges—who have no constituency—have a duty to respect legitimate policy choices made by those who do." *Chevron,* 467 U.S. at 866, 104 S.Ct. at 2793. I would reverse, and reinstate the decision of the Board of Veterans Appeals which properly applied the regulation.