STEINBERG, Judge,
concurring:
Although I join in the Court’s opinion, I write separately to address the “should/ must” dichotomy in 38 U.S.C. § 7105(d)(3) and the language in section 7105(d)(3) and (d)(5) regarding the submission by a claimant of specific allegations of error of fact or law. These were the principal issues on which the October 29, 2002, oral argument focused.
I. . Requirements for Filing Appeal to the Board of Veterans’ Appeals
Section 7105(d)(3) provides in p'ertinent part:
' The claimant will be afforded a period of sixty days from the date the [Statement of the [C]ase [(SOC)] is mailed to file the formal appeal. This may be extended for a reasonable period on request for good cause shown. The appeal should set out specific allegations of error of fact or law, such allegations related to specific items in the [SOC]. The benefits sought on appeal must be clearly identified.
38 U.S.C. § 7105(d)(3) (emphasis added). Section 7105(d)(5) provides: “The Board of Veterans’ Appeals [(Board or BVA)] may dismiss any appeal which fails to allege specific error of fact or law in the determination being appealed.” 38 U.S.C. § 7105(d)(5) (emphasis added). VA regu *375 lation § 20.202 contains provisions derived from section 7105(d)(3) and (5) as follows:
If the [SOC] and any prior Supplemental [SOCs] addressed several issues, the Substantive Appeal must either indicate that the appeal is being perfected as to all of those issues or must specifically identify the issues appealed. The Substantive Appeal should set out specific arguments relating to errors of fact or law made by the agency of original jurisdiction [(AOJ)] in reaching the determination, or determinations, being appealed.... [T]he Board may dismiss any appeal which fails to allege specific error of fact or law in the determination, or determinations, being appealed.
38 C.F.R. § 20.202 (2003) (emphasis added).

A. Interpreting the Statute

“ ‘The starting point in interpreting a statute is its language.’ ” Lee (Raymond) v. West, 13 Vet.App. 388, 394 (2000) (quoting Good Samaritan Hosp. v. Shalala, 508 U.S. 402, 409, 113 S.Ct. 2151, 124 L.Ed.2d 368 (1993)). As this Court explained in Lee:
The “plain meaning [of a statute] must be given effect unless a ‘literal application of [the] statute [or regulation] will produce a result demonstrably at odds with the intention of its drafters.’ ” Gardner v. Derwinski, 1 Vet.App. 584, 586-87 (1991), aff'd sub nom. Gardner v. Brown, 5 F.3d 1456 (Fed.Cir.1993), aff'd [sub nom. Brown v. Gardner], 513 U.S. 115, 115 S.Ct. 552, 130 L.Ed.2d 462 ... (1994); Fagan [v. West], 13 Vet.App. [48,] 52 [(1999)]; Curtis [v. West], 11 Vet.App. [129,] 133 [(1998)]. “If the intent of Congress is clear, that is the end of the matter”. Skinner v. Brown, 27 F.3d 1571, 1572 (Fed.Cir.1994) (quoting Chevron, U.S.A., Inc. v. Natural Res[.] Def[.] Council, Inc., 467 U.S. 837, 842, 104 S.Ct. 2778, 81 L.Ed.2d 694 ... (1984)), aff'ing 4 Vet.App. 141 (1993) (mem.).
Lee (Raymond), supra.' Each “part or section of a statute should be construed in connection with every other part or section so as to produce a harmonious whole.” Meeks v. West, 12 Vet.App. 352, 354 (1999) (internal quotation and citation omitted); see also Cottle v. Principi, 14 Vet.App. 329, 334 (2001); Talley v. Derwinski, 2 Vet.App. 282, 286 (1992). Also, as the U.S. Supreme Court stated in United States v. Nordic Village, “the settled rule [is] that a statute must, if possible, be construed in such fashion that every word has some operative effect.” Nordic Vill., 503 U.S. 30, 35, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992); see Colautti v. Franklin, 439 U.S. 379, 392, 99 S.Ct. 675, 58 L.Ed.2d 596 (1979) .(determining that it is an “elementary canon of construction that a statute should be interpreted so as not to render one part inoperative”). According to the Supreme Court, where Congress has by statute directly addressed an issue, the reviewing court “must give effect to the unambiguously expressed intent of Congress”, Chevron, 467 U.S.‘at 842-43, 104 S.Ct. 2778; see also Barnhart v. Walton, 535 U.S. 212, 217-18, 122 S.Ct. 1265, 152 L.Ed.2d 330 (2002); Cottle, supra; however, where a statute involving veterans’ benefits is ambiguous, “interpretive doubt is to be resolved in the veteran’s favor”, Brown v. Gardner, 513 U.S. at 118, 115 S.Ct. 552; see also Allen (Alfred) v. Brown, 7 Vet.App. 439, 448 (1995) (en banc) (applying interpretive-doubt principle from Brown v. Gardner, supra, and ruling in appellant’s favor on question of statutory interpretation).
1. Timely Filing of Substantive Appeal: It is clear from the plain language of section 7105(d)(3) that a claimant must file a document by the end of either (1) the 60-day period following the mailing of an SOC *376 (60-day post-SOC filing period) or (2) according to Department of Veterans Affairs (VA) regulation § 20.302(b)(1), the one-year period following the date of the AOJ (here a VA regional office (RO)) decision being contested, which is the period during which a Notice of Disagreement (NOD) must be filed (NOD-filing period) under 38 U.S.C. § 7105(b)(1). 38 C.F.R. § 20.302(b)(1) (2003); see Morgan (Douglas) v. Principi 16 Vet.App. 20, 24-25 (2002). I will refer to these two .filing periods collectively as the “Sübstantive-Appeal-filing period”-. Although the Substantive Appeal in the present case was filed more than one year after the date of the January 1996 letter notifying the veteran about the January 1996 VARO decision and only the 60-day post-SOC filing period (and not the one-year NOD-filing period) is involved here, the analysis set forth below applies equally to the two filing periods.
2. Specifíc Allegations of Error of Fact or Law: The “should/must” language in section 7105(d)(3) regarding specific allegations of error of fact or law does not, by itself, contain ambiguity; in light of the plain meaning of these two words, it is unreasonable to read “should” as meaning “must” when the next sentence includes the word “must”. 38 U.S.C. § 7105(d)(3); see Black’s Law Dictionary 1019 (6th ed.1990) (defining “must” as “[it] is primarily of mandatory effect, ...; and in that sense is used in antithesis to ‘may’ ”), id. at 1379 (defining “should” as “ordinarily implying duty or obligation; although usually no more than an obligation of propriety or expediency, or a moral obligation, thereby distinguishing it from ‘ought’ ”); Maggitt v. West, 202 F.3d 1370, 1378 (Fed.Cir.2000) (noting that “it is open to question whether application of an exhaustion requirement is consistent with the statutory purposes underlying the veterans[’] benefits laws” and citing 38 U.S.C. § 7105(d)(3) for proposition that “veteran ‘should,’ not ‘must,’ set out specific allegations of error of fact or law in his [Substantive [A]ppeal to the Board”). However, when read in conjunction with the “may dismiss” language of section 7105(d)(5) — as noted above, regulation § 20.202 combines these provisions from the statute — the meaning of “should” in section 7105(d)(3) becomes less clear. 38 U.S.C. § 7105(d)(3), (5); see Nordic Vill., Colautti, Cottle, and Meeks, all supra. Section 7105(d)(5)’s “may dismiss” language may be read as suggesting that the “should” provision in section 7105(d)(3) is more mandatory than permissive.
The wording of section 7105(d)(3) and (d)(5) is similarly ambiguous as to the interpretation of the words “appeal” and “formal appeal”. 38 U.S.C. § 7105(d)(3), (d)(5). It is unclear if a “formal appeal”, which equates to the Substantive Appeal referred to in section 7105(a),[1] relates only to the filing of a VA Form 9 (or other document requiring BVA review) or to any document filed during the entire appeal process, including the NOD and later supplementation of a timely filed VA Form 9. Regulation § 20.202 refers only to a “Substantive Appeal”. 38 C.F.R. § 20.202. In the instant case, the appellant argues that *377 the “plain meaning” of the word “appeal” in the statute refers to the entire appeal process (Brief (Br.) at 9-10) and that the Board must review the entire record when determining whether an appellant has submitted specific allegations of error of fact or law (Br. at 11). The Secretary asserts that the appellant’s VA Form 9 cannot be considered a timely Substantive Appeal because it did not contain specific allegations of error. Br. at 10.
In Douglas v. Derwinski, the en banc Court noted:
[N]owhere do the statutory provisions relating to the claimant’s filing a “formal appeal” in order to perfect an appeal to the BVA (initiated by the filing of a[n NOD] with a[n RO] decision, followed by a[n SOC issued] by a[n RO]) provide that only legal issues raised in the formal appeal, and evidence pertinent to those issues, must be considered by the Board.
Douglas, 2 Vet.App. 435, 439 (1992) (en bane). The Court in Douglas rejected the Secretary’s argument that the Board is to review only the issues raised in the VA Form 9 or other Substantive Appeal documents and pointed out: “Nowhere does [§ 20.202] state that only the issues raised in the Form []9 appeal must be considered; nor does the regulation state that the BVA must consider only the evidence pertinent to the issues raised explicitly in the Form [ ]9 appeal.” Ibid.' The Court emphasized the importance of implementing 38 U.S.C. § 7104(a)[2] in the spirit of the proclaimant, informal, and VA nonád-versarial adjudication environment.[3] Ibid. Similarly, the Court in EF v. Derwinski also recognized that the Board must look at the entire record and not be limited by the content of $ VA Form 9. The Court held:
In Myers v. Derwinski, 1 Vet.App. 127, 129 (1991), this Court stated that “it is the claimant’s statements on the VA Form []9 which often frame[] the nature of the appeal to the ■ BVA.... Therefore upon receipt of a VA Form []9, the BVA must review all issues which are reasonably raised from a liberal reading of the appellant’s substantive appeal.” However, there is nothing magical about the statements actually on the [VA Form 9], given the VA’s non-adversarial process. The VA’s statutory “duty to assist” must extend this liberal reading to include issues raised in all documents or oral testimony submitted prior to the BVA decision.
EF, 1 Vet.App. 324, 326 (1991) (emphasis added).
The above cases clearly direct the Board to look beyond the contents of VA Form 9 (or other Substantive Appeal documents) to other claims-file documents submitted by a claimant — such as, here, the October *378 1997 Disabled American Veterans Statement of Accredited Representation filed for the appellant prior to the March 2000 BVA decision and setting forth the issues on appeal (Record at 58-59) — in order to determine the issues that the Board must address. See Douglas and EF, both supra. It is axiomatic that if the Board must consider all such documents in deciding an appeal, then any requirement that a claimant must allege specific error would be satisfied by the content of the Substantive Appeal as well as other documents filed during the entire appeal process up to the time of the Board decision.[4] Because VA claimants are often unrepresented at the time that they file a VA Form 9 and may face great difficulties in preparing legal and factual analyses within the filing deadlines, permitting claimants who file a timely VA Form 9 to provide supplementation after the Substantive-Appeal-filing period would provide them with a greater opportunity to prepare legal and factual analy-ses with the assistance of an attorney or nonattorney practitioner. Finally, there is nothing in section 7105(d)(3) or (d)(5) that prohibits supplementation outside of the Substantive-Appeal-filing period. See 38 U.S.C. § 7105(d)(3), (d)(5).
For all of the above reasons, I conclude that if there is a specific-allegation-of-error requirement, then considerations of fan-process [5] and the proclaimant veterans’ benefits system[6] dictate that the Board must review for such specific allegations of error all of the documents, including a VA Form 9, submitted by the claimant up to the time of the Board decision.
3. Dismissal of Appeal: I turn next to the question of the consequences for a claimant who fails to allege specific errors of fact or law. Section 7105(d) and § 20.202 both provide that the Board “may dismiss” an appeal if a claimant fails to assert allegations of error. 38 U.S.C. § 7105(d); 38 C.F.R. § 20.202. Given the ambiguity as to the meaning of the statutory administrative-process provisions of section 7105(d), the same fair-process considerations and proclaimant environment dictate that VA, as the regulator, give notice to the claimant of how the appeal process works. Cf. 38 U.S.C. § 5104(a) (requiring that Secretary must provide notice to claimant and any representative thereof of decision on benefits claim and “an explanation of the procedure for obtaining review of the decision”); 38 C.F.R. § 3.103(a), (b)(1) (2003) (providing for such notice). It is unclear from section 7105(d)(5) or § 20.202 under what circumstances, if any, the Secretary will exercise his discretion to dismiss an appeal. More *379 over, a comparison of the 1992 VA Form 9 with the 1998 VA Form 9 and their respective instructions shows that certain language that was in the 1992 VA Form 9 was not contained in the 1998 VA Form 9 or its instructions. Specifically, the 1998 instructions do not contain the 1992 instructions’ provision that stated: “Appeals which fail to allege specific error of fact or law in the determination being appealed may be dismissed by the BVA.” This deletion thus removes notice to a VA claimant that the Secretary may dismiss his or her appeal if the “Appeal[ ] ... fail[s]” to include those specific allegations.[7] Because it would run counter to fair-process considerations and the proclaimant nature of the VA adjudication system for the Secretary to exercise arbitrarily his discretion to dismiss, the Secretary must give claimants fair notice by informing them of the criteria to be used in determining whether to exercise the dismissal discretion set forth in section 7105(d)(5) and § 20.202.[8]
II. Conclusion
Against this background, I find it inescapable that the ambiguity regarding the “should/must” and the “appeal/formal appeal” language and the specific-allegations-of-error content provision in section 7105(d)(3) and (d)(5) must be construed in favor of the claimant. 38 U.S.C. § 7105(d)(3), (d)(5); see Brown v. Gardner, supra; Kilpatrick v. Principi, 327 F.3d 1375, 1385 (Fed.Cir.2003) (declining to defer to VA regulation “that applies the statutory language restrietively, but instead construing] the statute as we believe Congress clearly intended” and citing Brown v. Gardner, supra). Accordingly, I conclude that if the “should/must” language in section 7105(d)(3) and § 20.202 is construed to require that a VA claimant make specific allegations of error of fact or law in an RO decision in order to appeal that decision to the Board, then the “appeal/formal appeal” language must be construed to permit a claimant who filed a timely VA Form 9 to supplement that VA Form 9 later with specific allegations of error in any document filed before the Board makes its decision — here the BVA decision in March 2000 — and not be limited to making the allegations in the Substantive Appeal only. 38 U.S.C. § 7105(d)(3), (d)(5); 38 C.F.R. § 20.202; see Douglas, EF, and Myers, all supra. This conclusion is especially unavoidable where the Secretary has not in his regulations, see, e.g., 38 C.F.R. §§ 20.202, 20.302(b), provided any notice to VA claimants as to the circumstances under which his section 7105(d)(5) discretion to dismiss an appeal that “fails to allege [such] specific errors” will be exercised. 38 U.S.C. § 7105(d)(5). Surely, Congress could not have intended to permit the Secretary to exercise such a dismissal authority in an arbitrary and capricious manner.[9]

. Regulation § 20.302(b)(1) provides that it is the "Substantive Appeal [that] must be filed within 60 days from the date that the agency of original jurisdiction [(AOJ)] mails the Statement of the Case to the appellant, or within the remainder of the 1-year period from the date of mailing of the notification of the determination being appealed, whichever period ends later.” 38 C.F.R. § 20.302(b)(1) (2003); see- Thompson (Charles) v. Brown, 8 Vet.App. 169, 179 (1995) (stating that VA Form 9 is "also called the 'formal appeal' (38 U.S.C. § 7105(d)(3)) and the 'Substantive Appeal' (38 C.F.R. §§ 20.200, 20.202-20.204)[]”).

. Section 7104(a) of title 38, U.S.Code, provides: "Decisions of the Board [of Veterans' Appeals (Board)] shall be based on the entire record in the proceeding and upon consideration of all evidence and material of record and applicable provisions of law and regulation". Cf. Disabled. Am. Veterans v. Sec’y of Veterans Affairs, 327 F.3d 1339, 1347 (Fed.Cir.2003) (construing 38 U.S.C. § 7104(a) broadly so as to preclude the Board from considering "additional evidence without having to remand the case to the AOJ for initial consideration and without having to obtain the appellant's waiver”).

. See Hodge v. West, 155 F.3d 1356, 1362 (Fed.Cir.1998) (stating that "[t]his court and the Supreme Court both have long recognized that the character of the veterans' benefits statutes is strongly and uniquely pro[ Claimant” and describing "the historically non[ Adversarial system of awarding benefits to veterans”); Trilles v. West, 13 Vet.App. 314, 326 (2000) (en banc) (describing "the VA pro[ Claimant nonadversarial claims adjudication process”); Littke v. Derwinski, 1 Vet. App. 90, 91-92 (1990).

.Cf. Scarborough v. Principi, 536 U.S. 920, 122 S.Ct. 2584, 153 L.Ed.2d 774 (2002) (granting petition for writ of certiorari and remanding in light of Edelman, infra), vacating 273 F.3d 1087, 1092 (Fed.Cir.2001) (concluding, in attorney-fee context, that, after expiration of 30-day period for filing Equal Access to Justice Act (EAJA) application pursuant to 28 U.S.C. § 2412(d)(1)(B), appellant could not amend EAJA application to include statutorily-required allegation that Secretary's position was not substantially justified); Edelman v. Lynchburg College, 535 U.S. 106, 112-115, 122 S.Ct. 1145, 152 L.Ed.2d 188 (2002) (holding that, where statute did not indicate whether discrimination charge must be verified " 'under oath or affirmation' ” when filed, statute was open to interpretation and sustaining agency's conclusion that verification could be filed after timely charge was submitted because that interpretation was reasonable).

. See generally Austin v. Brown, 6 Vet.App. 547, 551-52 (1994) (discussing "considerations of fair process”); Thurber v. Brown, 5 Vet.App. 119, 123 (1993) (noting " 'underlying concepts of procedural regularity and basic fair play’ ”) (quoting Gonzales v. United States, 348 U.S. 407, 411-12, 75 S.Ct. 409, 99 L.Ed. 467 (1955)).

. See supra note 3.

.The 1992 VA Form 9 instruction, although significantly more helpful to a claimant than the silence in the 1998 instructions, does not specifically require that the allegations of error appear in the Substantive Appeal itself; moreover, the 1992 VA Form 9 is entitled “Appeal to Board of Veterans' Appeals” and not "Substantive Appeal” and thus adds to the confusion by perhaps implying that the allegations of error must be contained therein.

. See supra notes 3 and 4; cf. supra note 7, infra note 9.

. Cf. Scott (Charles) v. Brown, 7 Vet.App. 184, 189 (1994) (discussing Secretary's " ‘sole discretion' " under 38 C.F.R. § 3.109(b) (1993), which states that Notice-of-Disagreement-filing period " 'may be extended for good cause *380 shown’ ”, and concluding that "[t]he exercise of such a discretionary [extension] authority as to which regulations have been prescribed is subject to review by this Court to determine whether the exercise of discretion was made ‘in accordance with the regulatory guidance or whether the decision was made in an arbitrary or capricious manner' " under 38 U.S.C. § 7261(a)(3)(A)) (quoting Smith (Barbara) v. Derwinski, 1 Vet.App. 267, 279 (1991)) (discussing Secretary’s establishment of regulations prescribing criteria for exercising his discretion to determine whether “equity and good conscience” require waiver of collection of debts owed VA and reviewing waiver decision based on whether discretion was exercised in “arbitrary of capricious manner”, pursuant to 38 U.S.C. § 7261(a)(3)(A)).