**Ellen Rolby YOUNG, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 90–53.**

United States Court of Veterans Appeals.

Submitted July 12, 1991.

Decided Jan. 9, 1992.

William P. Chulick, St. Louis, Mo., was on the brief for appellant.

Raoul L. Carroll, Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, and R. Randall Campbell, Washington, D.C., were on the brief for appellee.

Before NEBEKER, Chief Judge, and KRAMER, and FARLEY, Associate Judges.

KRAMER, Associate Judge:

On November 3, 1989, the Board of Veterans' Appeals (BVA) ruled that the appellant, Ellen Rolby Young, was not entitled to the proceeds of the National Service Life Insurance (NSLI) policy of her deceased ex-

husband, George Rolby, Sr. (the veteran). Because we hold that the BVA did not clearly err in finding that the veteran had changed the beneficiary on his NSLI policy from the appellant to the "administrator" of his estate, George Rolby, Jr., we affirm.

## I.

While serving in the United States Army in March 1943, the veteran contracted for an NSLI policy in the amount of $10,000. Over the next three decades he changed the primary beneficiary of the policy four times, finally listing his second wife, the appellant, as the sole beneficiary in 1974.

In 1981, the veteran and the appellant were divorced. There was no mention of the NSLI policy in either their divorce decree or the separation agreement which preceded it. Shortly after the divorce, the veteran wrote his last will and testament, naming his son from his first marriage, George Rolby, Jr., as the administrator of his estate. The will divided the veteran's estate among the three children of his two marriages, but made no mention of either the appellant or the NSLI policy.

On February 14, 1988, the veteran died. Shortly thereafter, George Rolby, Jr., acting in his role as administrator of his late father's estate, contacted the Department of Veterans Affairs (VA), requesting payment of the proceeds of the NSLI policy. The VA, however, still having the appellant listed as the beneficiary of the NSLI policy, contacted her regarding it, and wrote to George Rolby, Jr. inquiring if he wished to dispute the appellant's right to the policy proceeds.

In response to the VA's inquiries, George Rolby, Jr. submitted reproductions of carbon copies of two letters which he stated he had found among the veteran's personal papers. Both letters were dated June 17, 1982, and were purportedly written and signed by the veteran. One of the letters was addressed to the VA, and the other was addressed to the New York Life Insurance Company (with which the veteran also had a life insurance policy). In pertinent part, they both contained identical language:

Request the current beneficiaries of the above cited policy be deleted.

Replace with: Pay to the Administrator of my estate. (George A. Rolby, Jr.,....)

R. at 88, 90. George Rolby, Jr. further informed the VA that the New York Life Insurance Company had acknowledged receiving its letter, and had paid the proceeds of that policy to the veteran's estate. New York Life Insurance Company's acknowledgement is not in the record before the Court, however, and the VA has no record of ever receiving its change of beneficiary letter.

The appellant submitted a number of personal statements in support of her claim for the NSLI policy proceeds. In these statements she asserted that she had kept in close contact with the veteran in the years after their divorce and her subsequent move to Florida (the veteran had resided in St. Louis, Missouri), and that they were even considering reconciliation and remarriage at the time of his death. The appellant also stated that she and the veteran had frequently discussed the disposition of his estate, and that he had told her on numerous occasions the NSLI policy proceeds were for her. The VA also received two statements from Charles Maher, the veteran's neighbor, and witness to his will. In one of them, he informed the VA that

Sometime around 1986 [the veteran] mentioned to me that he should leave [the appellant] something because of their years of marriage together and also [because] she was very instrumental in [his] buying their home.... I believe that [the veteran] left [the appellant] on the government life insurance policy.

R. at 80.

The VA requested a handwriting analysis from the Office of Investigation in Washington, D.C., to determine if the signature on the June 17, 1982, letter to the VA was that of the veteran. After receiving a report from that Office (apparently based on a sample of the veteran's handwriting supplied by George Rolby, Jr., *see* R. at 83) that the signature on the 1982

letter was the veteran's, the VA's agency of original jurisdiction (AOJ) ruled in favor of George Rolby, Jr.'s claim to the policy proceeds. The appellant then appealed to the BVA, which upheld the AOJ's decision.

Although the original of the veteran's letter apparently was not received by the VA, [George Rolby, Jr.] has presented sufficient evidence to establish that the veteran not only intended to change the beneficiary, but also followed through on his intention.... In our view, it is reasonable to assume that the veteran believed that he had done all that he could reasonably be expected to do to accomplish his intent. Accordingly, we conclude that the letter dated June 12[sic], 1982, was a valid change of beneficiary designation, and that the appellee, George Jr., as Administrator of the veteran's estate, is entitled to the proceeds of the veteran's National Life Insurance policy.

R. at 3–4. The appellant subsequently perfected an appeal to the Court.

## II.

■ A veteran's right to change the beneficiary of his NSLI policy is provided for by 38 U.S.C. § 1917(a) (formerly § 717(a)) which grants a veteran the right to change the beneficiary or beneficiaries of his policy at any time, with or without the knowledge or consent of any present or prior beneficiaries. Attempts by a veteran to change beneficiaries are liberally construed by reviewing courts so as to effectuate the veteran's intent, with a two-prong test being used to determine if an actual change of beneficiaries has taken place. First, there must be evidence of an intention on the part of the veteran to change the beneficiary, and second, there must be some overt act done to effectuate that intent. It is not required that a change of beneficiary form be received by the VA during the course of the veteran's life. *Hammack v. Hammack*, 359 F.2d 844 (5th Cir.1966).

Applying this two-prong test, it is clear that if the veteran did sign and mail the June 17, 1982, letter, he would have successfully changed the beneficiary on his NSLI policy. The existence of the carbon copy of the signed letter would be evidence of an intention to change the beneficiary, and the signing and mailing of the letter would constitute overt acts taken to effectuate this intent. Thus, the determinative question in this appeal is whether the BVA clearly erred in finding that the veteran "had done all that he could reasonably be expected to do to accomplish his intent." R. at 5.

■ Whether the veteran signed and mailed the June 17, 1982, letter is a question of fact. In reviewing BVA findings on questions of fact, this Court can only set aside those findings if they are clearly erroneous. 38 U.S.C. § 7261(a)(4) (formerly § 4061(a)(4)); *Gilbert v. Derwinski*, 1 Vet. App. 49, 52 (1991). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948); *see also Gilbert*, 1 Vet.App. at 52. This Court "is not permitted to substitute its judgement for that of the BVA on issues of material fact; if there is a 'plausible' basis in the record for the factual determinations of the BVA ... we cannot not overturn them." *Gilbert*, 1 Vet.App. at 53.

■ Even though much of the critical evidence of record in this appeal was apparently submitted by George Rolby, Jr., we cannot say that the BVA's finding that the veteran actually signed and mailed the 1982 letter does not have a plausible basis in the record. The Office of Investigation found that the signature on the letter in question was that of the veteran, and the letter appears to be contemporaneous and nearly identical to the letter addressed to the New York Life Insurance Company which the BVA implicitly determined to be authentic. Moreover, the BVA's findings are not inconsistent with the veteran's separation agreement, divorce decree, and will, which do not contain any reference to the

appellant regarding the NSLI policy proceeds.

### III.

For the reasons stated above, the decision of the BVA is AFFIRMED.