**Gloria J. JONES, Appellant,**

**and**

**Emma J. Leach, Intervenor,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 92–38.

United States Court of Veterans Appeals.

March 31, 1994.

Regina W. Cosper, South Bend, IN, was on the brief, for appellant.

Keith D. Snyder, Washington, DC, was on the brief, for intervenor.

Mary Lou Keener, General Counsel, Norman G. Cooper, Asst. Gen. Counsel, R. Randall Campbell, Deputy Asst. Gen. Counsel, and Michael A. Leonard, Washington, DC, were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and FARLEY and MANKIN, Judges.

NEBEKER, Chief Judge:

Appellant, Gloria Jones, appeals an October 25, 1991, decision from the Board of Veterans' Appeals (Board or BVA) which found that appellant's deceased husband, the veteran, had not changed the beneficiary of his National Service Life Insurance (NSLI) policy before his death and, therefore, the proceeds of that policy belonged to the veteran's former wife, Emma Jean Leach, the intervenor. After appellant filed her Notice of Appeal in this Court, the Secretary filed a motion to dismiss the appeal and a notice that an interpleader action had been filed in the United States District Court for the District of Columbia pursuant to 38 U.S.C. § 1984(a). Upon learning of the action in the district court we stayed this appeal in the interest of comity. *See Orthmann v. Apple River Campground, Inc.,* 765 F.2d 119, 121 (8th Cir.1985). Emma Jean Leach subsequently filed a motion to intervene in the appeal in this Court and a motion for permission to intervene beyond the time limit imposed by U.S.Vet.App.R. 15. On October 19,

1992, the Honorable Charles R. Richey, United States District Court Judge, dismissed the interpleader without prejudice, *United States v. Jones*, No. 92–1891 (D.D.C. Oct. 18, 1992), and the Secretary filed a motion to withdraw his motion to dismiss. This Court granted Emma Jean Leach's motion to intervene and the Secretary's motion to withdraw his motion to dismiss. Both appellant and intervenor have filed briefs. The General Counsel's office has filed a brief in the role of amicus rather than taking a position on the correctness of the BVA's decision to award the insurance proceeds to intervenor, stating, "[W]ith the Court's indulgence, the Secretary will not present argument in this brief in support of either party. Instead, he will attempt to aid the Court by providing the background, facts and, in his judgment, the relevant law surrounding this case." Br. at 3. However, although in district court the Secretary was a mere stakeholder, it would seem that given the lack of availability of interpleader in this Court and the provisions of 38 U.S.C. § 7263(a) which states that "[t]he Secretary shall be represented before the Court of Veterans Appeals by the General Counsel of the Department," General Counsel's proper role before this Court is that of representative. Moreover, the Secretary's attempt to aid the Court fails to mention our precedential opinion on the subject of changing NSLI beneficiaries, *Young v. Derwinski*, 2 Vet.App. 59 (1992), even though cited by intervenor Leach.

## I. Background

John W. Jones, the veteran, served on active duty with the U.S. Army from January 1943 until October 1970. He requested and received an NSLI policy effective March 1, 1943, naming his "Foster–Mother," Roberta Cambridge, as the sole beneficiary of the policy. R. at 10. In 1951, the veteran renewed his NSLI policy, designating his wife, Mary Francis Jones, and Roberta Cambridge (now labelled "Grandmother") as co-beneficiaries. R. at 12. He and Mary Francis were divorced in 1965. R. at 15. In 1970, the veteran married Emma Jean Evans, now Leach, the intervenor. R. at 20. A month later, the veteran changed the designation of beneficiary for his NSLI policy to name Emma Jean as his sole beneficiary. R. at 22.

In September 1978, the veteran submitted a copy of his divorce decree from Emma Jean to the VA Regional Office (RO) in St. Petersburg, Florida, and requested that the intervenor and her two children "b[e] removed as dependents on my records." R. at 28. In March 1980, the veteran married Gloria Watkins, now appellant Jones. R. at 35. The veteran submitted his marriage license to the VARO in St. Petersburg on July 1, 1980. R. at 31. The veteran died on December 27, 1989, from service-connected illnesses. R. at 34. On January 5, 1990, appellant filed a claim for the insurance proceeds. The VA informed appellant that she was not the last-named beneficiary of record of the veteran's NSLI policy. In an administrative determination in June 1990, the VA denied appellant's claim for the veteran's NSLI policy benefits (totalling $10,239.00) and awarded the money to the intervenor, the veteran's ex-wife, as the last-named beneficiary. R. at 67. Appellant filed a timely Notice of Disagreement to that decision and submitted affidavits from two friends of the veteran stating that they believed the veteran had intended to make appellant the beneficiary of the insurance policy. She also submitted affidavits from herself and her mother stating their belief that the veteran had formed the express intent to make appellant the beneficiary and that appellant and the veteran traveled to the VARO where he "executed what [he] believed to be the necessary paperwork to do so." R. at 90, 92. The VA conducted a record check for any such paperwork, but the check included only several days before and after the date of appellant's marriage to the veteran on March 24, 1980. R. at 73. The BVA concluded that intervenor, not appellant, was entitled to the veteran's NSLI proceeds.

## II. Analysis

The Board's decision to award the proceeds to the veteran's ex-wife apparently rested on the premise that because appellant had not submitted a writing from the veteran indicating his intent to change the beneficiary from his ex-wife to his widow, appellant had failed to meet her burden of proof that

**390**

she was entitled to the insurance proceeds. The Board stated in its decision:

> Generally the minimum requirement to demonstrate a veteran's intention to change the beneficiary designation is a writing by him, in whatever form. Cohn v. Cohn, 171 F.2d 828 ([D.C.C.] 1948).
>
> ... [A]ppellant has not introduced any writing by the veteran, in any form, to demonstrate that he wanted to name the appellant as the beneficiary of his [NSLI] policy, or that he had changed, or believed that he had changed, the beneficiary to the appellant.... The present record does not demonstrate that the appellant has maintained her burden of proof and shown by a preponderance of the evidence that the veteran intended her to be the beneficiary of the disputed policy and took affirmative action to effectuate this intention.

R. at 5 (underlining in original).

 We have previously addressed the question of what the appropriate test is to determine if an actual change of beneficiaries of an NSLI policy has occurred. As was held in *Young,* 2 Vet.App. at 61, "[f]irst, there must be evidence of an intention on the part of the veteran to change the beneficiary, and second, there must be some overt act done to effectuate that intent." *Young* involved carbon copies of letters purportedly signed by the veteran to a private life insurance company and to the VA regarding his NSLI policy. The letters stated that the veteran wished to change the beneficiary of the policies from his ex-wife to his son as administrator of his estate. The BVA found that these letters were sufficient evidence of a change of beneficiary despite the fact that VA records did not show that the letter regarding his NSLI policy had ever been received. We held that the BVA's determination was not clearly erroneous. "The existence of the carbon copy of the signed letter would be evidence of an intention to change the beneficiary, and the signing and mailing of the letter would constitute overt acts taken to effectuate this intent." *Id.*

 Although *Young* involved a writing by the veteran, it is not necessary that the evidence of the veteran's intent or overt act done to effectuate that intent be in the form of a writing by the veteran. Other forms of evidence of an intention to change the beneficiary may suffice. Because we had not decided *Young* at the time the Board rendered its decision in this case, it is understandable that the Board looked to other case law to determine what it considered an appropriate standard by which to judge whether the veteran had indeed changed the beneficiary of his policy. However, because the Board chose the wrong standard by focusing solely on the absence of a writing by the veteran rather than, as we stated in *Young,* examining whether there was any evidence of an intention on the part of the veteran to change the beneficiary and a sufficient overt act done to effectuate an intent to change the beneficiary, we VACATE the Board's decision and REMAND this case to the Board for further development in accordance with the two-part test in *Young.* On remand, the Board should more carefully consider the affidavits submitted by appellant.