48 F.3d 1237
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Rita May PORTS, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee,
Estelle Ports, Respondent.
 No. 95-7003.
 United States Court of Appeals, Federal Circuit.
 Feb. 15, 1995.
 
 MOTIONS GRANTED.
 Before MICHEL, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and SCHALL, Circuit Judge.
 ON MOTION
 ORDER
 MICHEL, Circuit Judge.
 
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Rita May Ports' appeal for lack of jurisdiction. Ports has not filed a response.
 
 
 2
 Ports' spouse served in the military from 1952 to 1954. In 1954, the veteran applied for and received a National Service Life Insurance policy. The veteran named his mother and father as principal beneficiaries for one half share each. The veteran and Ports were married in 1957. At the time of his death in 1991, the veteran's insurance policy was in effect. The veteran's father predeceased him. The regional office determined after the veteran's death that the veteran's mother was entitled to half the proceeds and that the veteran's estate, ultimately Ports, was entitled to the other half.
 
 
 3
 On February 12, 1993, the Board of Veterans Appeals affirmed the regional office's decision. The Board stated that "there is no evidence of any specific act the veteran performed in order to change the beneficiary of his policy." Ports appealed and the Court of Veterans Appeals, applying its precedent in Jones v. Brown, 6 Vet.App. 388 (1994), affirmed the Board's decision.
 
 
 4
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section states that this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 5
 In her informal brief, Ports argues that her husband often told her mother-in-law that she, Ports, would get his insurance. The crux of Port's argument is that she should have received all the proceeds of the policy because her husband told her and others that she was the beneficiary on all his insurance policies. Essentially, Ports seeks review of the Court of Veterans Appeals' application of the law to the facts of her case. However, this court has no jurisdiction to review challenges to the Court of Veterans Appeals' application of the law to the facts of her case. As this court has no jurisdiction to conduct the inquiry that Ports requests, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 8
 (2) The Secretary's motion to dismiss is granted.
 
 
 9
 (3) Each side shall bear its own costs.