Agnes WOLFE, Appellant,

v.

Hershel W. GOBER, Acting Secretary
of Veterans Affairs, Appellee.

No. 97–153.

United States Court of Veterans Appeals.

Dec. 19, 1997.

Agnes Wolfe, pro se.

Robert E. Coy, Acting General Counsel; Ron Garvin, Assistant General Counsel; Carolyn F. Washington, Deputy Assistant General Counsel; and Thomas P. Savino, Washington, DC, were on the brief for appellee.

Before NEBEKER, Chief Judge, and KRAMER and IVERS, Judges.

KRAMER, Judge:

The appellant, Agnes Wolfe, divorced spouse of ·the late veteran Edward Wolfe, appeals a November 22, 1996, decision of the Board of Veterans' Appeals (BVA or Board) denying her claim to $2,294.54 in proceeds from the veteran's National Service Life Insurance (NSLI) policy. Record (R.) at 1–7. This appeal is timely, and the Court has jurisdiction pursuant to 38 U.S.C. § 7252(a). For the reasons that follow, the Court will affirm the decision of the BVA.

## I. RELEVANT BACKGROUND

The veteran served in the U.S. Army from April 1953 to March 1955. R. at 9. The appellant and the veteran were married in 1953. R. at 14. The veteran applied for NSLI in 1955. R. at 11. The appellant was named as the sole principal beneficiary of the veteran's NSLI policy at all times during the marriage. R. at 11, 17, 20. The appellant and the veteran were granted a divorce by a North Dakota district court in 1987. R. at 23–36. The divorce decree stated that the veteran "shall continue his veteran's life insurance in the amount of $10,000.00 and pay the premium thereon and shall make the wife a beneficiary thereof." R. at 35. In June 1992, the veteran changed the principal bene-

ficiary of the policy to his "friend," Brenda L. Keller (R. at 41), who later became Brenda Keller Wolfe. R. at 50. The veteran died in September 1993. R. at 44. The proceeds of the policy were thereafter paid to Brenda Keller Wolfe on October 23, 1993. R. at 55.

On November 17, 1993, the appellant filed a claim with VA for the proceeds of the veteran's NSLI policy, asserting that payment under the policy was controlled by their state divorce decree. R. at 60. The appellant's claim was denied on January 3, 1994. The appellant filed a Notice of Disagreement on February 4, 1994. R. at 105–06. On November 22, 1996, the BVA confirmed the denial of the claim, determining that NSLI benefits are controlled by federal, not state law, and that pursuant to the former, the veteran had the right to change his beneficiary R. at 1–8. The appellant filed a timely appeal to the Court.

## II. ANALYSIS

 Conclusions of law by the BVA are reviewed de novo. *See* 38 U.S.C. § 7261; *Lovelace v. Derwinski,* 1 Vet.App. 73, 74 (1990). The Court holds that the BVA's conclusion is correct.

An NSLI policy is a contract between the veteran and the United States government. *See* 38 U.S.C. § 1917. The federal statute governing NSLI policies gives the veteran the right to change the beneficiary of an NSLI policy at any time, with or without the knowledge or consent of any present or prior beneficiaries. 38 U.S.C. § 1917(a); 38 C.F.R. § 8.22 (1996); *see Wissner v. Wissner,* 338 U.S. 655, 658, 70 S.Ct. 398, 399–400, 94 L.Ed. 424 (1950); *Young v. Derwinski,* 2 Vet.App. 59 (1992). It is well settled that "Policies of [NSLI] are contracts of the United States and possess the same legal incidence as other Government contracts. The terms are to be construed by Federal and not by State law." *Dyke v. Dyke,* 122 F.Supp. 529, 535 (E.D.Tenn.N.D. 1954). Under the Supremacy Clause, a state divorce decree cannot bar a veteran from exercising his right under the federal statute to change the beneficiary of his NSLI policy. *See* U.S. Const. Art. VI; *Wissner, supra; Ridgway v. Ridgway,* 454 U.S. 46, 55, 102 S.Ct. 49, 55, 70 L.Ed.2d 39 (1981) ("[A] state divorce decree, like other law governing the economic aspects of domestic relations, must give way to clearly conflicting federal enactments.").

## III. CONCLUSION

Upon consideration of the above, the Court holds that the appellant has not demonstrated that the BVA committed either factual or legal error that requires reversal or remand. *See* 38 U.S.C. § 5107, 7104(d), 7261; *Gilbert v. Derwinski,* 1 Vet.App. 49, 52–53 (1990). The November 22, 1996, BVA decision is AFFIRMED.